UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MICHAEL AMARAL,  )
                )
    Plaintiff    )
                )    CIVIL ACTION NO.:
                )
PENN MARITIME, INC.,  )
                )    04 - 11778 GAO
    Defendant   )
                )

## PLAINTIFFS COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION     MAGISTRATE JUDGE Collings

This is an action to recover damages for personal injuries arising out of an incident involving Michael Amaral, a Jones Act seaman injured on the Tugboat, Penn 2 ("the Penn 2") on or about January 15, 2003. The Plaintiff is a Jones Act Seaman who suffered severe and permanently disabling injuries due to the unsafe condition of the vessel. He was transported to the Sisters of Charity Medical Center on St. Vincent's Campus in Staten Island, New York following the incident. Since the accident, the Plaintiff has received extensive and ongoing medical treatment. The Plaintiff now has a permanent disability.

### JURISDICTION

1. This Court has subject matter jurisdiction over this action pursuant to The Merchant Marine Act of 1920, ["the Jones Act"], 46 U.S.C. §688 *et seq.*

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. ' 1331, 28 U.S.C. §1332, and 28 U.S.C. §1333.

### PARTIES

3. The Plaintiff, Michael Amaral, is a citizen of the United States, residing in Acushnet, in the Commonwealth of Massachusetts, and a seaman.

4. At all times material hereto, Michael Amaral was a permanent employee of Penn Maritime, Inc.

5. At all times material hereto, Michael Amaral was a crew member of the Penn 2, a ship whose port of registry was Stamford, Connecticut.

6. Michael Amaral was born on November 9, 1957.

7. Michael Amaral is domiciled currently in Acushnet, Bristol County, Massachusetts.

8. Based upon information and belief, the Defendant, Penn Maritime, Inc. ("Penn Maritime") is a corporation with its principal office at 1435 Richmond Terrace, Staten Island, NY 10310.

9. At all times relevant hereto, Penn Maritime was the owner of the Penn 2, a tug boat.

10. Penn Maritime was the registered owner of the Penn 2 in January 2003.

11. Penn Maritime placed Plaintiff aboard the Penn 2 to work on the tug.

## FACTS

12. The Plaintiff repeats and re-alleges the allegations set forth in Paragraphs 1-11.

13. In or about January 2003, Penn Maritime placed Michael Amaral on the crew of the Tug Boat, the Penn 2.

14. In or about January 15, 2003, Plaintiff fell from a ladder while working on the Penn 2 in New Jersey.

15. Mr. Amaral was transported to the Sisters of Charity Medical Center on St. Vincent"s Campus in Staten Island, New York.

16. As a result of the accident, Mr. Amaral has undergone significant medical treatment at various medical facilities since his injury.

17. Mr. Amaral underwent various emergency treatments, medical procedures, physical therapy sessions, medication regimens and a work hardening program as a result of his injury.

18. Mr. Amaral is currently under treatment and care of medical care providers in Massachusetts.

## CLAIMS

### COUNT I
### MICHAEL AMARAL v. PENN MARITIME, INC.
### (JONES ACT NEGLIGENCE)

19. The Plaintiff repeats and re-alleges the allegations set forth in Paragraphs 1-18.

20. At all relevant times Penn Maritime owned, operated, directed, and/or otherwise controlled the Penn 2.

21. On or about January 15, 2003, Michael Amaral was working as a seaman and member of the crew of the Penn 2.

22. On or about January 15, 2003, while Michael Amaral was in the exercise of due care, in the performance of his duties, he sustained personal injuries, when, due to the unsafe conditions of the tug boat, he was caused to fall from a ladder.

23. The injuries that Michael Amaral sustained as a result of the accident were not caused by any negligence on his part, but were caused by the negligence of the Defendant, Penn Maritime, its agents, servants, and/or employees, including, but not limited to the following:

   A.   Failure to use due care to provide and maintain a seaworthy vessel, appurtenances and proper appliances;

    B.    Failure to use due care to make reasonable and periodic inspections of said vessel, appurtenances, equipment, and appliances;

    C.    Failure to use due care to furnish the Plaintiff, Michael Amaral, with a reasonably safe place in which to perform his work;

    D.    Failure and negligence of fellow employees; and

    E.    Failure and negligence in other respects as demonstrated at trial.

24. As a direct and proximate result of Penn Maritime's negligence, the Plaintiff, Michael Amaral, suffered severe and painful injuries that resulted in his permanent condition and disability; he has lost time from his usual pursuits; he has incurred substantial expenses for his medical treatment and care; and he has been otherwise damaged.

25. The injuries Michael Amaral sustained as a result of the accident were proximately caused by the negligence of the Defendant by their failure to provide a safe work place and a seaworthy vessel.

### COUNT II
### MICHAEL AMARAL v. PENN MARITIME, INC.
### (GENERAL MARITIME LAW FOR UNSEAWORTHINESS)

26. The Plaintiff repeats and re-alleges the allegations set forth in Paragraphs 1-25.

27. On or about January 15, 2003, Michael Amaral was working as a seaman and member of the crew of the Penn 2.

28. On or about January 15, 2003, while Michael Amaral was in the exercise of due care, in the performance of his duties, he sustained personal injuries, when, due to the unsafe conditions of the tug boat, he was caused to fall from a ladder.

29. The injuries Michael Amaral sustained were due to no fault of his own, but were proximately caused by the unseaworthiness of the Defendant's vessel.

30. As a result of said injuries, the Plaintiff has suffered severe and painful injuries that have resulted in a permanent condition and disability, and that have caused the Plaintiff to lose wages, to incur medical bills and hospital expenses, and to suffer other additional damages, likely to continue in the future, that Plaintiff will show at trial.

31. The injuries Michael Amaral sustained as a result of the accident were proximately caused by the negligence of the Defendants by their failure to provide a safe work place and a seaworthy vessel.

### COUNT III
### MICHAEL AMARAL v. PENN MARITIME, INC.
### (GENERAL MARITIME NEGLIGENCE)

32. The Plaintiff repeats and re-alleges the allegations set forth in Paragraphs 1-31.

33. On or about January 15, 2003, Michael Amaral was working as a seaman and member of the crew of the Penn 2.

34. On or about January 15, 2003, while Michael Amaral was in the exercise of due care, in the performance of his duties, he sustained personal injuries, when, due to the unsafe conditions of the vessel, he was caused to fall from a ladder.

35. The injuries Michael Amaral sustained were due to no fault of his own, but were proximately caused by the unseaworthiness of the Defendant's vessel.

36. On or about January 15, 2003, the Defendant, Penn Maritime, negligently and carelessly operated and maintained its vessel, thereby proximately causing severe and permanently disabling injuries to Michael Amaral.

37. As a direct and proximate result of Penn Maritime's negligence, Michael Amaral result of said injuries, the Plaintiff has suffered severe and painful injuries that have resulted in a permanent condition and disability, and that have caused the Plaintiff to lose wages, to incur medical bills and hospital expenses, and to suffer other additional damages, likely to continue in the future, that Plaintiff will show at trial.

38. The injuries Michael Amaral sustained as a result of the accident were proximately caused by the negligence of the Defendant by their failure to provide a safe work place and a seaworthy vessel.

WHEREFORE, the Plaintiff, Michael Amaral, demands judgment against the Defendant in the amount of $1,000,000.00 together with interest, costs, and attorney's fees, and such other relief as this Court deems mete and just.

PURSUANT TO 28 U.S.C. §1873, PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES CONTAINED IN THIS COMPLAINT.

Michael Amaral,
By his attorney

John E. Sutherland, BBO# 488960
**BRICKLEY, SEARS & SORETT, P.A.**
75 Federal Street
Boston, MA 02110
(617) 542-0896

F:\APPL\CLIENTS\Amaral\COMP1-2.wpd

≋JS 44   (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Michael Amaral

**DEFENDANTS**
Penn Maritime, Inc.

(b) County of Residence of First Listed Plaintiff  **Bristol**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
John E. Sutherland
Brickley, Sears & Sorett
75 Federal St., Boston, MA 02110
(617) 542-0896

Attorneys (If Known)
04-11778 GAO

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / Med. Malpractice | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury — | | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☑ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 865 RSI (405(g)) | |
| ☐ 220 Foreclosure | ☐ 442 Employment | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | Habeas Corpus: | **FEDERAL TAX SUITS** | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 530 General | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 535 Death Penalty | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | ☐ 540 Mandamus & Other | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| | | ☐ 550 Civil Rights | | |
| | | ☐ 555 Prison Condition | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Jones act, unseaworthiness + general maritime negligence for injury to tugboat crewman.

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 1,000,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE 8/13/04
SIGNATURE OF ATTORNEY OF RECORD  /s/ J.E. Sutherland

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Michael Amaral v Penn Maritime, Inc.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [ ] II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
   - [x] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
   - [ ] IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V. 150, 152, 153.

   04-11778 GAO

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [✓]   NO [ ]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [✓]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [✓]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [ ]   NO [✓]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [✓]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __John E. Sutherland__
ADDRESS __Brickley, Sears & Sorett, 75 Federal St., Boston, MA 02110__
TELEPHONE NO. __(617) 542-0896__

(Coversheetlocal.wpd - 10/17/02)