**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **MICHAEL D. AMARAL,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | **CIVIL ACTION NO.: 04-11778-GAO** |
| -against- ) | |
| ) | |
| **PENN MARITIME, INC.,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**PRE-TRIAL MEMORANDUM**

1.   Concise summary of the evidence that will be offered by:

   a.   Plaintiff:

Plaintiff expects the evidence at trial to establish that he was a seaman on a vessel, the *Penn No. 2*, owned by the Defendant. While working on the *Penn No. 2*, the Plaintiff climbed a ladder that was placed on the deck of the vessel in order to secure the vessel to a dock. While Plaintiff was attempting to secure the vessel, the vessel was pulled away from the dock. Due to unsafe conditions on the vessel, Plaintiff was caused to fall, landing on the gunwale of the vessel. Following Plaintiff's fall, Plaintiff was taken to a hospital for evaluation and treatment. As a result of Plaintiff's fall, he was caused to suffer severe debilitating injuries and has been unable to work since the incident. Plaintiff expects to show that he is permanently disabled and unable to work.

   b.   Defendant:

Plaintiff failed to secure the ladder he ascended prior to falling although it was his responsibility to do so. The tug, which was working against the dock, did not pull away from the dock. Instead, plaintiff fell because he failed to secure the ladder, which he easily could have, and should have, done. Plaintiff was brought to the hospital, where he was diagnosed with a contusion. Thereafter, plaintiff, after taken a short scheduled break from work, returned to the tug boat to work for an extended period of time without incident. Plaintiff now claims he is disabled due to degenerative conditions of his lower back, which are neither traumatic in nature, nor disabling. Plaintiff's accident did not occur due to any fault of the vessel and he has suffered no damages. To the extent plaintiff may be disabled, which is denied, same is a result of long standing conditions pre-dating the alleged accident.

2.     Facts established by pleadings or by stipulations or admissions of counsel:

Plaintiff was a seaman within the meaning of the Jones Act, 46 U.S.C. 688 *et seq*. on the date of his alleged accident. His alleged accident occurred while he was serving as a crewmember aboard the *Penn No. 2*, a tug boat.

There appears to be no dispute about whether Plaintiff fell from the ladder on the vessel.

3.     Contested issues of fact:

Contested issues of fact relate to the circumstances under which Plaintiff fell from the ladder on the vessel. The nature, extent, and effect of Plaintiff's injuries are also contested issues of fact.

4.     Jurisdictional issues:

None.

5.     Questions raised by pending motions:

None.

6.     Issues of law, including evidentiary questions, together with supporting authority:

Plaintiff has failed to supply disclosures pursuant to Fed.R.Civ.P. 26(a)(3)(A)(B)(C). Accordingly, defendant is unable to state whether there are evidentiary questions and suspects there may be when and if plaintiff makes the appropriate disclosures. Accordingly, defendant reserves all rights to object to any exhibits plaintiff seeks to introduce, on all available grounds, including failing of plaintiff to make Fed.R.Civ.P. 26(a)(3) disclosures.

7.     Requested amendments to pleadings:

None.

8.     Additional matters to aid in the disposition of the action:

None.

9.     The probable length of trial:

Three days.

10. <u>Names, addresses, and telephone numbers of witnesses to be called</u>:

   a. <u>Plaintiff</u>:

   1. Captain Ray Neary of the *Penn No.2*
      4074 Stoney Lane
      Doylestown, PA 18901-1159
      (unsure of current address or spelling of last name )
      Telephone unknown

   2. Mate of the *Penn No.2*
      Tom Heath
      227 Sinclair Avenue
      Annadale, NY
      Telephone unknown

   3. R. Smith
      Engineer *Penn No.2*
      Address and telephone number unknown at this time

   4. R. Borges
      Deck Hand *Penn No.2*
      Address and telephone number unknown at this time

   5. Richard S. Jaslow, M.D.
      Bayside Orthopaedic Inc.
      300 C Faunce Corner Road
      North Dartmouth, MA 02747
      (Dr. Jaslow's testimony is likely to be provided by deposition)

   B. <u>Defendant</u>

   1. Thomas Heath (May be called by deposition);
      227 Sinclar Avenue
      Staten Island, New York 10312

   2. James Sweeney
      One Stamford Plaza
      263 Tresser Blvd.
      Stamford, CT 06901

   3. Raymond Neary (may be called if the need arises);
      11712 Cypress Nook
      Tampa, Florida

        4.      Benjamin Rosenstadt, M.D.
Riverside Orthopaedic and Sports Medicine
36 West 60th Street
New York, New York 10023
(Will be called by Deposition);

        5.      Charles DiCecca, M.D.
909 Hancock Street
Quincy, MA 02170

        6.      Custodian of Records of Underwood-Memorial Hospital (may be called if the need arises).

        7.      Custodian of Records of Southcoast Hospital Group (may be called if the need arises).

2. Proposed exhibits:

   a. Plaintiff:
      i. All medical records related to the treatment of Plaintiff following the incident.

   b. Defendant:

      1. *Penn No. 2* log book, 2003;

      2. Ladder requisition form and purchasing invoice;

      3. Southcoast Hospital Group records;

      4. Underwood Memorial Hospital records;

      5. Photographs of *Penn No. 2*;

      6. MRI report of Shields Health Care Group of May 20, 2003;

      7. Records of Richard S. Jaslow, M.D., Inc. (may be introduced if need arises).

      8. Penn Maritime, Inc. company standard incident report;

      9. Records of maintenance and cure paid plaintiff by Penn Maritime, Inc.

      10. Records of CORI (may be introduced if need arises).

11. Parties' respective positions on any remaining objections to the evidence identified in the pretrial disclosure required by Fed.R.Civ.P. 26(a)(3).

Defendant is unable to raise meaningful objections to the exhibits listed by plaintiff since he has not specifically identified exhibits, only identifying "all medical records," some of which may constitute hearsay or lead to other objections once properly identified.

February 16, 2006

| Plaintiff: | Defendant: |
|---|---|
| MICHAEL AMARAL | PENN MARITIME, INC. |
| By his attorney, | By Its Attorneys |
| */s/ John D. Sutherland* | /s/  *Gino A. Zonghetti* |
| John D. Sutherland, BBO No. 488960 | Gino A. Zonghetti, N.Y. Bar No.(GAZ-2647) |
| Brickley, Sears & Sorrett | Kenny, Stearns & Zonghetti |
| 75 Federal Street | 26 Broadway |
| Boston MA 02110 | New York, New York 10004 |
| E-mail: jes@brickleysears.com | E-mail: gzonghetti@kennyandstearns.com |
| | /s/*Timothy R. McHugh* |
| | Timothy R McHugh, B.B.O. No. 335480 |
| | 135 Great Plain Avenue |
| | Wellesley MA 02482 |
| | (617) 593-5405 |
| | E-mail: trmchugh@coastwiselaw.com |

Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on February 16, 2006.

*/s/Timothy R. McHugh*
Timothy R McHugh, B.B.O. #335480
135 Great Plain Avenue
Wellesley MA 02482
(617) 593-5405