UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

-------------------------------------------X

MICHAEL AMARAL,                    CIVIL ACTION
                                   04-11778 (GAO)

                Plaintiff,

        -against-                  **DEFENDANT'S PROPOSED**
                                   **<u>JURY INSTRUCTIONS</u>**

PENN MARITIME, INC.

                Defendant.

-------------------------------------------X

        Defendant Penn Maritime, Inc., by its attorneys, submits the following proposed

jury instructions:

## <u>JUROR ATTENTIVENESS & INTRODUCTION</u>

Ladies and gentlemen of the jury:

You have now heard all the evidence in the case as well as the final arguments of the

lawyers for the parties. I am now going to instruct you on the law. It is your duty as

jurors to follow the law as I state it and to apply the law to the facts, as you find them,

from the evidence presented.

It has been obvious to me and counsel that until now you have faithfully discharged your

duty to listen carefully and to observe each witness who testified. I ask that you give me

that same careful attention as I instruct you on the law.

My instructions will be in three parts:

First: I will give you instructions regarding the general rules that define and govern the

duties of a jury in a civil case such as this;

Kenny, Stearns & Zonghetti
26 Broadway
New York, New York 10004
(212) 422-6111

1  Second: I will then instruct you as to the legal elements of the claims in this case; and

2  Third: Finally, I will give you some general rules regarding your deliberations.

3  **ROLE OF THE COURT AND JURY**

4      Let me start by defining our respective roles as judge and jury. Your duty, as I

5  mentioned in my opening instructions, is to find the facts from all the evidence in this

6  case. You are the sole and exclusive judges of the facts. It is for you and you alone to

7  pass upon the evidence. You determine the credibility of witnesses. You determine what

8  weight to give the evidence; you resolve such conflicts as may have appeared in the

9  evidence, and draw whatever inferences you deem to be reasonable and warranted

10  from the evidence.

11      In determining these issues, no one may invade your province or functions as

12  jurors. In order for you to determine the facts, you must rely upon your own re of the

13  evidence. What the lawyers have said in their opening arguments, in their closing

14  arguments, in their objections, or in their questions is not evidence. Nor is what I may

15  have said-- or what I may say in these instructions - about a fact issue evidence.

16      Therefore, with respect to any question concerning the facts, it is your

17  recollection of the facts - not counsel's recollections, as expressed in the opening or

18  closing statements, or my recollections, if I have made any references to testimony -

19  that controls.

20      My job is to instruct you on the law. It is your duty to accept these instructions of

21  law and apply them to the facts as you determine them, just as it has been my duty to

22  preside over the trial and decide what testimony and evidence is relevant under the law

Kenny, Stearns & Zonghetti
26 Broadway
New York, New York 10004
(212) 422-6111

for your consideration. You must apply the law in accordance with my instructions to the facts as you find them. If either of the lawyers has stated a legal principle which differs from any that I state to you in my instructions, you must be guided solely by what I instruct you about the law.

• You should not single out any one instruction as alone stating the law, but should consider my instructions as a whole. You must follow all the rules as I explain them to you. You may not follow some and ignore others, even if you do not understand the reasons for some of the rules. You should not be concerned about the wisdom of any rule of law that I state. Regardless of any opinion that you may have about what the law may be -- or should be -- it would be a violation of your oaths as jurors to base your verdict on any other view of the law than that given to you in these instructions.

Since it is your job - not mine - to find the facts, I have neither expressed nor attempted to suggest an opinion about how you should decide the facts of the case. I have not expressed nor have I intended to suggest any opinion as to which witnesses are or are not worthy of belief, what facts are or are not established, or what inference or inferences should be drawn from the evidence. If any expression of mine has seemed to indicate an opinion relating to any of these matters, I instruct you to disregard it. You should not interpret anything I have said or done as expressing an opinion about the facts.

For example, if I have asked questions of a witness, you should not attach special significance to these simply because they were asked by the court. Similarly, the fact that I may have ruled certain evidence admissible should not be interpreted as indicating that I have any opinion concerning the credibility of that evidence or the

Kenny, Stearns & Zonghetti
26 Broadway
New York, New York 10004
(212) 422-6111

1  weight it should be given. You have no concern with the reasons for such rulings and

2  you are not to thaw any inferences from them. Whether offered evidence is admissible

3  is purely a question of law in the province of the court and outside the province of the

4  jury. In admitting evidence to which objection has been made, the court does not

5  determine what weight should be given to such evidence, nor does it pass on the

6  credibility of the evidence. Of course, you will dismiss from your mind completely any

7  evidence which has been ruled out of the case by the court, and you will refrain from

8  speculation or any guesswork about the nature or effect of any conversation between

9  court and counsel held out of your hearing or sight.

10  You are, I repeat, the exclusive and only judges of all of the questions of fact

11  submitted to you and of the credibility of the witnesses. This authority, however, is not to

12  be exercised arbitrarily; you must deliberate with sincere judgment, sound discretion,

13  and in accordance with the rules of law which I give you. In  making your determination

14  of the facts in this case, your judgment must be applied only to that which is properly in

15  evidence. Arguments of counsel are not evidence, although you may give consideration

16  to those arguments in making up your mind on what inferences to thaw from the facts

17  which are in evidence.

18

19

20  **CONDUCT OF COUNSEL**

21  It is the right and duty of the attorney on each side of a case to object when the

22  other side offers testimony or other evidence which the attorney believes is not properly

Kenny, Stearns & Zonghetti
26 Broadway
New York, New York 10004
(212) 422-6111

1   admissible. Counsel also have the right and duty to ask the court to make rulings of law

2   and to request conferences at the side bar out of the hearing of the jury. All of those

3   questions of law must be decided by me, the court. You should not show any prejudice

4   against an attorney or his client because the attorney objected to the admissibility of

5   evidence, or asked for a conference out of the hearing of the jury or asked the court for

6   a ruling on the law. Nor should you draw any inference from such a ruling as that is a

7   matter of law for the court.

8                                    **JUROR OATH**

9          You must determine the facts in this case based solely on the evidence or those

10  inferences which can reasonably be drawn from the evidence. In determining the facts,

11  you are reminded that you took an oath to render judgment impartially and fairly, without

12  prejudice or sympathy and without fear, solely upon the evidence in the case and the

13  applicable law.

14         You have been chosen to try the issues of fact and reach a verdict on the basis

15  of the evidence or lack of evidence. If you let sympathy interfere with your clear thinking

16  there is a risk that you will not arrive at a just verdict. All parties to a civil lawsuit are

17  entitled to a fair trial. You must make a fair and impartial decision so that you will arrive

18  at the just verdict.

19         This case should be considered and decided by you as an action between

20  persons of equal standing in the community, of equal worth, and holding the same or

21  similar stations of life. A corporation is entitled to the same fair trial at your hands as a

22  private individual. All persons, including corporations, partnerships, unincorporated

Kenny, Stearns & Zonghetti
26 Broadway
New York, New York 10004
(212) 422-6111

1   associations, and other organizations, stand equal before the law, and are to be dealt

2   with as equals in a court of justice.'

3          Under your oath as jurors you are not to be swayed by sympathy. You should be

4   guided solely by the evidence presented during the trial, without regard to the

5   consequences of your decision.

6                              **THE DEFINITION OF EVIDENCE**

7          I will now instruct you on what evidence is and how you should consider it.

8   Evidence has been presented to you in the following forms:

9          First:  Sworn testimony from the witnesses, both on direct examination and cross

10  examination. I emphasize that it is the witnesses' answers that are evidence; the

11  questions asked by the lawyers are not evidence. At times, lawyers may have

12  incorporated into questions a statement which assumed certain facts to be true, and

13  then asked the witness if the statement was true, If the witness denied the truth of the

14  statement, and if there was no other evidence introduced to prove the assumed fact

15  was true, then you may not consider it to be true simply because it was contained in a

16  lawyer's question.

17         Testimony that has been stricken or excluded is not evidence and may not be

18  considered by you in rendering your verdict. Also, if certain testimony was received for a

19  limited purpose -- as for the purpose of assessing a witness' credibility-- you must follow

20  the limiting instructions I have given.

21         Arguments by lawyers are not evidence, because the lawyers are not witnesses.

22  What they have said to you in their opening statements and in their summations is

23  intended to help you understand the evidence to reach your verdict. However, if your

Kenny, Stearns & Zonghetti
26 Broadway
New York, New York 10004
(212) 422-6111

1  recollection of the facts differs from the lawyers' statements, it is your recollection which

2  controls.

3      Second: Exhibits that have been received into evidence by the court are

4  evidence. However, you may not consider exhibits which have only been marked for

5  identification but have not been received in evidence.

6      Third: Facts to which both lawyers have agreed or "stipulated" as evidence in this

7  case.

8      As I mentioned in my opening instructions, to the extent that the parties have

9  stipulated to a particular fact, you must accept the stipulated fact as true, but it remains

10  for you to determine what weight to accord this evidence. The following are the

11  stipulated facts:

12      On August 23, 2000 Plaintiff Lawrence Briggs was a seaman as that term is used

13  in the Jones Act and the General Maritime Law, which I will discuss later, and was a

14  member of the crew of the tug PENN No. 2.

15      On January 15, 2003,  plaintiff was employed by  Penn Maritime, Inc.

16      On January 15, 2003, Penn Maritime, Inc. possessed, managed, operated, and

17  controlled the tugboat PENN No. 2.

18

19      Certain other things are not evidence and are to be disregarded by you in

20  deciding what the facts are. The following are not evidence:

21      First: Arguments or statements by the lawyers.

22      Second: Objections to the questions or to the offered exhibits.

Kenny, Stearns & Zonghetti
26 Broadway
New York, New York 10004
(212) 422-6111

1    Third: As I said earlier, do not consider testimony that has been excluded,

2    stricken or that you have been instructed to disregard. On the other hand, if an objection

3    was raised as to a certain question or testimony, and that objection was overruled, treat

4    the answer to that question or that testimony like any other answer or testimony.

5    Fourth: Anything I may have said or done is not evidence.

6    Fifth: Obviously, anything you may have seen or heard outside the courtroom is

7    not evidence.

8    As I said before, it is your recollection of the facts and the evidence that governs.

9    If, in the course of your deliberations, you have any questions regarding the particulars

10   of a witness's testimony, you can simply send me a note indicating that you would like

11   to have the testimony read back. It may be useful for you to be specific whether you

12   want all of the witness's testimony reread -- in which case that is exactly what we will do

13   - or only a portion dealing with a specific issue. I will send all exhibits received in

14   evidence into the jury room with you.

15   ## DIRECT AND CIRCUMSTANTIAL EVIDENCE

16   Now that you know what evidence is and is not, let me note that, generally

17   speaking, there are two types of evidence: direct and circumstantial. You may use both

18   types of evidence in reaching your verdict in this case. There is no distinction between

19   the weight to be given to these two types of evidence.

20   Direct evidence is testimony from a witness about something he knows by virtue

21   of his own senses - something he has seen, felt, touched or heard. Direct evidence may

Kenny, Stearns & Zonghetti
26 Broadway
New York, New York 10004
(212) 422-6111

1    also be in the form of an exhibit where the fact to be proven is its present existence or

2    condition.

3        The other type of evidence - circumstantial evidence -- is proof of a chain of

4    circumstances pointing to the existence or nonexistence of certain facts. A simple

5    example of circumstantial evidence would be as follows:

6        Suppose you came to court on a day when the weather was clear and dry.

7    However, after several hours in the courtroom, you observe a person come in wearing a

8    raincoat and shaking a wet umbrella. Now, suppose you haven't had the opportunity to

9    look outside during those several hours to see if it is raining. You wouldn't have direct

10    evidence that it had rained, but you might infer that fact from the circumstances you had

11    observed.

12        That is all there is to circumstantial evidence. On the basis of reason and

13    experience and common sense, you infer the existence or non-existence of a fact from

14    one or more established facts.

15        Circumstantial evidence is of no less value than direct evidence; for it is a

16    general rule that the law makes no distinction between direct evidence and

17    circumstantial evidence but simply requires that your verdict must be based on a

18    preponderance of all of the evidence presented.

19                    **<u>INFERENCES</u>**

20        You are permitted to draw, from the facts which you find to be proven, such

21    reasonable inferences as would be justified in light of your experience. I have used the

22    term "inference," and the attorneys in their arguments have asked you to infer, on the

Kenny, Stearns & Zonghetti
26 Broadway
New York, New York 10004
(212) 422-6111

1   basis of your reason, experience, and common sense, from one or more established

2   facts, the existence of some other fact.

3        What is an inference? An inference is not a suspicion or a guess. An inference is

4   a reasoned, logical conclusion that a disputed fact exists on the basis of another fact

5   which has been shown to exist. Inferences are deductions or conclusions which you, the

6   jury, are permitted - but not required - to draw from the facts which have been

7   established from the evidence in the case. Use your common sense in drawing

8   inferences; you are not permitted to engage in mere guesswork or speculation.

9        There are times when different inferences may be drawn from facts, whether

10  proven by direct or circumstantial evidence. The plaintiff asks you to draw one set of

11  inferences, while the defense asks you to draw another. It is for you, and you alone, to

12  decide what inferences you will draw.

13       So, while you are considering the evidence presented to you, you are permitted

14  to thaw, from the facts which you find to be proven, such reasonable inferences as

15  would be justified in light of your experience.

16                                   **CREDIBILITY**

17       In deciding what the facts are in this case, you must consider all the evidence

18  that has been offered. In doing this, you must decide which testimony to believe and

19  which testimony not to believe. You have had the opportunity to observe the witnesses.

20  It is now your job to decide how believable each witness was in his testimony. You are

21  the sole judges of the credibility of witnesses and the weight their testimony deserves.

Kenny, Stearns & Zonghetti
26 Broadway
New York, New York 10004
(212) 422-6111

1    If you find that any witness has willfully testified falsely as to any material fact,

2    that is as to an important matter, the law permits you to disregard completely the entire

3    testimony of that witness upon the principle that one who testifies falsely about one

4    material fact is likely to testify falsely about everything. You are not required, however,

5    to consider such a witness as totally 'unbelievable.' You may accept so much of his or

6    her testimony as you deem true and disregard what you feel is false. By the processes

7    which I have just described to you, you, as the sole judges of the facts, decide which of

8    the witnesses you will believe, what portion of their testimony you accept and what

9    weight you will give to it.

10    You should carefully scrutinize all of the testimony given, the circumstances

11    under which each witness testified, and every matter in evidence that tends to show

12    whether a witness is worthy of belief. You may choose to disbelieve all or part of any

13    witness's testimony. Everything the witness said or did on the witness stand counts in

14    your determination. In making that decision, you may take into account any number of

15    factors, including the following:

16    1.  The witness's opportunity to see, hear, and know about the events he

17    described;

18    2. The witness's ability to recall and describe those things;

19    3. The witness's manner in testifying: often it is not what a person says but how

20    he says it that moved us. Was the witness candid and forthright or did the witness seem

21    as if he was hiding something? How did the way the witness testified on direct

22    examination compare with how the witness testified on cross-examination?;

Kenny, Stearns & Zonghetti
26 Broadway
New York, New York 10004
(212) 422-6111

4. The reasonableness of the witness's testimony in light of all the other evidence in the case;

5. You may consider whether a witness's testimony was contradicted by his other testimony, by what that witness said or did on a prior occasion, by the testimony of other witnesses or by other evidence. However, in deciding whether or not to believe a witness, bear in mind that people sometimes forget things or become nervous while testifying. An inconsistency or contradiction may be due to an innocent mistake, or due to an intentional falsehood. Consider, therefore, whether it has to do with an important fact or small detail. Also bear in mind that two people witnessing a single event may observe it differently and remember it differently;

6. How much you choose to believe a witness may be influenced by any bias that you may perceive the witness to have. Does the witness have a relationship with the plaintiff or the defendant that may affect how he testified? Does the witness have some prejudice, incentive, loyalty or motive that might cause him to shade the truth or give you something other than a completely accurate account of facts?

In short, if you find that a witness is biased, you should view his testimony with caution, weigh it with care and subject it to close searching scrutiny, If you think it appropriate to do so, you may refuse to believe the testimony of such a witness even though that testimony has not been impeached or contradicted.

**INTERESTED WITNESSES**

The plaintiff, Michael Amaral, testified before you. As a party to the action, plaintiff is an interested witness. The testimony you have heard regarding their

Kenny, Stearns & Zonghetti
26 Broadway
New York, New York 10004
(212) 422-6111

relationship with plaintiff may be considered by you in deciding whether their testimony is in any way influenced by that relationship. An interested witness is not necessarily less believable than a disinterested witness. The fact that a witness is interested in the outcome of the case does not mean that he or she has not told the truth. It is for you to decide from the demeanor of the witness on the stand and such other tests as your experience dictates whether or not the testimony has been influenced, intentionally or unintentionally, by his or her interest. You may, if you consider it proper under all the circumstances, not believe the testimony of such a witness, even though it is not otherwise challenged or contradicted. However, you are not required to reject the testimony of such a witness, and may accept all or such part of his or her testimony as you find reliable and reject such part as you find unworthy of acceptance.

## **EXPERT WITNESSES**

You should weigh and evaluate the testimony of expert witnesses – in this case, the doctors who testified - precisely as you weigh the testimony of any other witness. Expert witnesses are individuals who, by virtue of education and/or experience, have acquired a particular expertise in some art, science, profession or calling. As a result, such a witness - unlike an ordinary witness - is permitted to state an opinion on those matters about which he has special knowledge and training.

As expert witnesses, they claim special qualification in the fields for which they were then qualified by the court. They were allowed to express opinions, and the reasons for those opinions. They testified in this case to assist you in reaching an independent decision concerning the matters about which they testified.

Kenny, Stearns & Zonghetti
26 Broadway
New York, New York 10004
(212) 422-6111

1    But you must remember that you are the sole finders of fact and that an expert's

2    testimony relates to a question of fact. Therefore, it is your job to decide these fact

3    issues the same way you decide other fact questions and the same way you decide

4    whether to believe ordinary witnesses. In addition to all of the other considerations that

5    apply to ordinary witnesses whose credibility you must determine, you may consider an

6    expert's background, training and qualifications; the soundness of the reasons and facts

7    on which the expert's opinion was based; and the expert's motives, if' any for testifying.

8    There may be matters that the experts testified about that are beyond their

9    qualifications as experts. Opinions given by an expert that were beyond his area of

10   expertise can be considered by the jury as opinions of a lay witness. These opinions

11   can be referred to if they are helpful to you in determining a fact in issue. You should not

12   substitute the witness's opinion for your own reason or judgment.

13   You may give the expert testimony whatever weight, if any, you find it deserves

14   in light of all the evidence in this case. You should not, however, accept an expert

15   witness's testimony merely because he is an expert, nor should you permit the expert's

16   testimony to be a substitute for your own reason, judgment or common sense. You may

17   reject the testimony of an expert in whole or in part, if you conclude that the reasons

18   given in support of an opinion are unsound or if you find the facts to be different from

19   those which formed the basis of the expert's opinion. You may also reject the opinion if,

20   for other reasons, you do not believe an expert witness, or if after careful consideration

21   of all of the evidence in the case, expert and other, you disagree with the opinion. The

22   determination of the facts in this case rests solely with you.

23   **<u>JUROR'S USE OF PROFESSIONAL EXPERIENCE</u>**

Kenny, Stearns & Zonghetti
26 Broadway
New York, New York 10004
(212) 422-6111

1    Although as jurors you are encouraged to use all of your life experiences in

2 analyzing testimony and reaching a fair verdict, you may not communicate any personal

3 professional expertise you might have or other facts not in evidence to the other jurors

4 during deliberations. You must base your discussions and decisions solely on the

5 evidence presented to you during the trial and that evidence alone. You may not

6 consider or speculate on matters not in evidence or matters outside the case.

7    **NO SYMPATHY OR BIAS**

8    In determining the issues of fact and rendering a verdict in this case, you should

9 perform your duty with complete impartiality and without bias, sympathy or prejudice as

10 to any party. Both parties expect that you will carefully and impartially consider all the

11 evidence, follow the law as it is now being given to you, and reach a just verdict,

12 regardless of the consequences.

13    **LIABILITY OF CORPORATIONS - SCOPE OF AUTHORITY NOT IN ISSUE**

14    Under the law, a corporation is considered to be a person. It can only act through

15 its employees, agents, directors, or officers. Therefore, a corporation is responsible for

16 the acts of its employees, agents, directors, and officers performed within the scope of

17 their authority.

18

19

20    **BURDEN OF PROOF**

21    In a civil action such as this, the plaintiff bears the burden of proving the essential

22 elements of his claims against the defendants by a fair preponderance of the credible

-15-

1    evidence. The party with the burden of proof on any given issue has the burden of

2    proving every disputed element of his or her claim to you by a preponderance of the

3    evidence. If you conclude that the plaintiff has failed to establish his claim by a

4    preponderance of the evidence, then you must decide against him on the issue you are

5    considering.

6          To establish a claim by a preponderance of the evidence does not mean that

7    proof is required to an absolute certainty. It simply means to prove that something is

8    more likely so than not so. A preponderance of the evidence means the greater weight

9    of the evidence. This refers to the quality and persuasiveness of the evidence; it does

10   not mean the greater number of witnesses or the greater length of the time taken. In

11   determining whether a claim has been proved by a preponderance of the evidence, you

12   may consider the relevant testimony of all witnesses, regardless of who may have

13   called them, and all the relevant exhibits received in evidence, regardless of who may

14   have produced them.

15         If the evidence that supports plaintiff's claim, when considered as compared with

16   that opposed to it, has more convincing force and produces in your minds a belief that

17   what the plaintiff seeks to prove is more likely true than not true, you must find for the

18   plaintiff, If the evidence weighs so evenly that you are unable to say that there is a

19   preponderance of the evidence on either side, then you must return a verdict for the

20   defendants. That is because the party bearing this burden must prove more than simple

21   equality of evidence -- they must prove the element at issue by a preponderance of the

22   evidence. On the other hand, the party with this burden of proof need prove no more

23   than a preponderance. So long as you find that the scales tip, however slightly, in favor

Kenny, Stearns & Zonghetti
26 Broadway
New York, New York 10004
(212) 422-6111

1   of the party with this burden of proof-- that what the party claims is more likely true than

2   not true -- then that element will have been proved by a preponderance of evidence.

3         Some of you may have heard of proof beyond a reasonable doubt, which is the

4   proper standard of proof in a criminal trial. This requirement does not apply to a civil

5   case such as this and you should put it out of your mind.

6         To recapitulate briefly - a preponderance of the evidence means such evidence

7   as when considered and compared with that opposed to it, produces in your mind a

8   belief that what is sought to be proved is more likely the case than not the case.

9                    **LAW CONTROLLING THIS CASE**

10        Now for the second part of these instructions - - the legal elements of the cause

11   of action in the case. To assist you, your verdict in this case will be a special verdict in

12   the form of a series of questions to be answered by you in the jury room after you have

13   begun your deliberations.

14                         **LIABILITY**

15         The plaintiff, Michael Amaral, seeks to impose liability upon the Penn Maritime,

16   Inc. for personal injuries Mr. Amaral allegedly suffered while employed by defendant

17   Penn Maritime, Inc. aboard the tugboat Penn No. 2. Plaintiff alleges he was caused to

18   fall from a ladder he was climbing because the tugboat moved. Plaintiff claims that Penn

19   Maritime  was negligent and that the tug was unseaworthy. Plaintiff claims that Penn

20   Maritime's negligence and the alleged unseaworthiness of the tug caused him injury.

21         Penn Maritime responds that it was not negligent, and that plaintiff fell because

22   he failed to select a proper ladder and because he failed to place the ladder in an

Kenny, Stearns & Zonghetti
26 Broadway
New York, New York 10004
(212) 422-6111

1    appropriate place aboard the tug before he began climbing. Accordingly, Penn Maritime,

2    Inc. asserts plaintiff's fall was due to his own negligence. Defendants also claim that Mr.

3    Amaral did not suffer any injury as a result of the alleged accident of January 15, 2003.

4        Plaintiff brings two separate claims. The first is under the Jones Act, while the

5    second is under the general maritime law doctrine known as "unseaworthiness" which I

6    will discuss later and which is governed by different standards. I will first discuss the

7    plaintiff's Jones Act claim, and then proceed to the unseaworthiness claim. You must

8    consider these claims separately. The plaintiff is not required to prove both of these

9    claims. He may recover if he proves any one of them. However, he may only recover

10   those damages or benefits that the law provides for the claim that he proves; he may

11   not recover the same damages or benefits more than once.

12   **Jones Act, 46 U.S.C. App. § 688**

13       In order to recover on a Jones Act cause of action, a plaintiff must allege and

14   show that the employer was negligent and that this negligence contributed to plaintiff's

15   injury. *Del Valle v. Marine Transport Lines, Inc.,* 582 F.Supp. 573, 577

16   (D. P. R. 1984); s*ee generally, Bennett v. Perini Corporation,* 510 F.2d 114, 117 (1st

17   Cir.1975); *Peymann v. Perini Corporation,* 507 F.2d 1318, 1324 (1st Cir.1974), *cert.*

18   *den.,*421 U.S. 914, 95 S.Ct. 1572, 43 L.Ed.2d 780 (1975); M. Norris, *The Law of*

19   *Maritime Personal Injuries,* 163-168 (3rd Ed.1975). For the employer to be liable under

20   the Jones Act it is not sufficient that an accident has occurred. Caldwell v. Manhattan

21   Tankers Corp., 618 F.2d 361, 363 (5th Cir.1980). Rather, it is an indispensable element

22   of recovery under the Jones Act that the employer be at "fault". Del Valle v. Marine

23   Transport Lines, Inc., 582 F.Supp. at 577. Kernan v. American Dredging Co., 355 U.S.

Kenny, Stearns & Zonghetti
26 Broadway
New York, New York 10004
(212) 422-6111

426, 432, 78 S.Ct. 394, 398, 2 L.Ed.2d 382 (1958). To be at fault the employer must have breached some duty of care so as to have created a dangerous condition. Del Valle v. Marine Transport Lines, Inc., 582 F.Supp. at 577, see, e.g., Spinks v. Chevron Oil Co., 507 F.2d 216, 223 (5th Cir.1975). Also, to be negligent, the employer must have had knowledge of the problem that created the dangerous situation. Perry v. Morgan Guaranty Trust Co. of New York, 528 F.2d 1378, 1380 (5th Cir.1976); Rice v. Atlantic Gulf & Pacific Co., 484 F.2d 1318, 1320 (2d Cir.1973). Finally, plaintiff has the burden of proving that the defendant was negligent and that the defendant's negligence caused plaintiff's injury. Del Valle v. Marine Transport Lines, Inc., 582 F.Supp. at 577; Traupman v. American Dredging Co., 470 F.2d 736 (2d Cir.1972); In re Atlas's Petition, 350 F.2d 592 (7th Cir.1965), cert. denied, 382 U.S. 988 (1966).

Thus, in order to prevail on his claim under the Jones Act, plaintiff must establish each of the following things by a preponderance of the evidence:

First that at the time of injury plaintiff was acting in the course of his employment as a seaman employed by Penn Maritime, Inc.;

Second that Penn Maritime, Inc. was negligent; and

Third that the negligence of Penn Maritime, Inc. was a legal cause of the injury sustained by plaintiff.


The parties have stipulated in this case that plaintiff, on the date of his alleged accident, was a seaman and was acting in the course of his employment by Penn Maritime. Accordingly, you need not concern yourself with the first element.

Kenny, Stearns & Zonghetti
26 Broadway
New York, New York 10004
(212) 422-6111

1    "Negligence" is the failure to use reasonable care. Reasonable care is that

2    degree of care that a reasonably careful person, would use under similar circumstances

3    to prevent reasonably foreseeable harm. To find negligence, you must find that harm

4    was reasonably foreseeable. Negligence may consist either in doing something that a

5    reasonably careful person would not do under similar circumstances, or in failing to do

6    something that a reasonably careful person would do under similar circumstances. The

7    fact that an accident may have happened does not alone permit you to infer that it was

8    caused by negligence; the employer does not guarantee a seaman's safety.

9    **DUTY TO GUARD AGAINST FORESEEABLE RISKS**

10    This definition of negligence requires the defendants to guard against those risks

11    or dangers of which they knew or by the exercise of due care should have known. In

12    other words, the defendant's duty is measured by what a reasonably prudent person

13    would anticipate or foresee resulting from particular circumstances. The defendants are

14    not legally responsible for their conduct or the consequences of their conduct unless the

15    risk of injury to plaintiff was reasonably foreseeable. Further, the defendant is only liable

16    for the natural and foreseeable consequences of their actions or omissions and are not

17    responsible for an injury which could not reasonably be expected to result from their

18    action or inaction. The exact occurrence or precise injury sustained by the plaintiff need

19    not, however, have been foreseeable; it is sufficient if the general type of injury plaintiff

20    sustained and the general means by which it occurred were foreseeable.

21    **FORESEEABILITY CONSIDERATIONS**

22    How do you determine whether the defendant knew or, through the exercise of

23    reasonable care, should have known of a particular risk or danger?

Kenny, Stearns & Zonghetti
26 Broadway
New York, New York 10004
(212) 422-6111

1    First, you may consider any evidence presented concerning the actual

2    knowledge of the defendants or their employees or agents.

3    Second, you may consider any evidence presented concerning whether the risk

4    was brought to the attention of the employer or its employees or other agents, for

5    example, through the employees statements, complaints or protests that a particular

6    condition or assignment was dangerous.

7    Third, you may consider whether a reasonably prudent person would have

8    performed inspections which would have brought the dangerous condition to the

9    defendants' attention or otherwise would have known of the condition.

10   If you find by a preponderance of the evidence that a reasonably prudent person

11   would have, taken reasonable precautions against the risk based on such actual

12   knowledge, statements, complaints or protests or reasonable inspection, and you find

13   that the defendants failed to take such reasonable precautions, then you may find that

14   the defendants were negligent.

15   ### **STANDARD VARIES WITH LEVEL OF RISK**

16   The degree of care required by the reasonable care standard varies with the

17   level of risk in the particular situation. The greater the risk of harm, the greater the

18   required level of care.

19

20   ### **LEGAL CAUSATION**

21   For purposes of a Jones Act claim, negligence is a "legal" cause of injury if it

22   plays any part in bringing about or actually causing the injury. So, if you should find from

Kenny, Stearns & Zonghetti
26 Broadway
New York, New York 10004
(212) 422-6111

1   the evidence that negligence of Penn Maritime, Inc. contributed in any way toward any

2   injury suffered by plaintiff the injury was legally caused by negligence of Penn Maritime,

3   Inc. Negligence may be a legal cause of injury even though it operates in combination

4   with the act of another, some natural cause, or some other cause.

5        If a preponderance of the evidence does not support plaintiff's claim that

6   negligence on the part of Penn Maritime, Inc. legally caused plaintiff's injury, then your

7   verdict will be for Penn Maritime, Inc. If, however, a preponderance of the evidence

8   does support plaintiff's claim, you will then consider the defense raised by Penn

9   Maritime.

10       Penn Maritime contends that Mr. Amaral was negligent and that such negligence

11  was a legal cause of his injury. This is a defensive claim and the burden of proving this

12  claim is upon Penn who must establish by a preponderance of the evidence:

13       First,  that plaintiff was also negligent; and

14       Second,  that plaintiff's negligence was a legal cause of his injury.

15       I have already defined "negligence" and "legal cause" and the same definitions

16  apply here.

17       If you find in favor of Penn Maritime on this defense, that will not necessarily

18  prevent recovery by plaintiff, it only reduces the amount of his recovery. In other words,

19  if you find that the accident was due partly to the fault of plaintiff's own negligence and

20  that he was, for example, 10% responsible for his injury—then you will fill in that

21  percentage as your finding on the special verdict form I will explain in a moment. I will

22  then reduce plaintiff's total damages by the percentage that you insert, Of course, by

Kenny, Stearns & Zonghetti
26 Broadway
New York, New York 10004
(212) 422-6111

1    using the number 10% as an example, I do not mean to suggest to you any specific

2    figure. If you find that [ was negligent, you might find any amount from 1% to 99%.

3    **Unseaworthiness**

4        Plaintiff also seeks recover under a separate claim known as "unseaworthiness."

5    In order to prevail on his unseaworthiness claim, plaintiff must establish each of the

6    following things by a preponderance of the evidence:

7        First, that he was a seaman on Penn Maritime's vessel;

8        Second, that the vessel was unseaworthy; and

9        Third, that its unseaworthy condition was a legal cause of the injury sustained by

10    plaintiff.

11        Again, it is stipulated in this case that plaintiff was a seaman on the date of his

12    accident, so you need not consider this issue.

13        A claim of "unseaworthiness" is a claim that the owner of the vessel  did not fulfill

14    a legal duty to members of the crew to provide a vessel reasonably fit for its intended

15    purpose. The vessel owner's duty under the law to provide a seaworthy ship is absolute.

16    The owner may not delegate the duty to anyone. If the owner did not provide a

17    seaworthy vessel, then no amount of due care or prudence excuses it, whether the

18    owner knew or could have known of the deficiency.

19        If, therefore, you find that PENN NO. 2 was not reasonably fit for its intended

20    purpose, and that such condition was a legal cause of the injury to plaintiff then you may

21    find that PENN NO. 2 was unseaworthy and Penn Maritime liable, without any reference

22    to the issue of negligence of Penn or of any of Penn's employees.

Kenny, Stearns & Zonghetti
26 Broadway
New York, New York 10004
(212) 422-6111

1    The vessel owner's duty includes maintaining the vessel and her equipment in a

2    proper operating condition and can be breached by either temporary or permanent

3    defects in the equipment. The owner of the vessel is not required, however, to furnish

4    an accident-free vessel or one that will weather every peril of the sea. Instead, the

5    vessel must be reasonably suitable for its intended purpose. A vessel is not called on to

6    have the best appliances or equipment or the finest of crews, but only such gear as is

7    reasonably proper and suitable for its intended use, and a crew that is reasonably

8    competent and adequate. The doctrine of seaworthiness does not obligate the

9    shipowner to furnish an accident-free ship. Rather, the shipowner's duty is to provide a

10   ship and equipment which are reasonably fit for their intended purpose.

11   *Foster v. Maritrans, Inc.* 790 A.2d 328, 332 (Pa. Super. 2002).

12    An unseaworthy condition is a "legal" cause of injury only if it directly and in

13   natural and continuous sequence produces, and contributes substantially to producing

14   such injury, so that it can reasonably be said that, except for the unseaworthy condition,

15   the loss, injury or damage would not have occurred. Unlike plaintiff's claim under the

16   Jones Act claim, with respect to which he may recover if the alleged negligence is

17   proved to be a cause of the injury sustained, in order to recover on a claim of

18   unseaworthiness plaintiff must prove that the unseaworthy condition was a substantial

19   cause of his injury. Unseaworthiness may be a legal cause of injury even though it

20   operates in combination with the act of another, some natural cause or some other

21   cause if the unseaworthiness contributes substantially to producing such injury.

22    If a preponderance of the evidence does not support plaintiff's claim that

23   unseaworthiness legally caused his injury, then your verdict will be for defendant Penn

Kenny, Stearns & Zonghetti
26 Broadway
New York, New York 10004
(212) 422-6111

1  Maritime, Inc. If, however, a preponderance of the evidence does support plaintiff's

2  claim, you will then consider the defense raised by Penn Maritime, Inc. which contends

3  that plaintiff was negligent and that such negligence was a legal cause of [ injury. This is

4  a defensive claim and the burden of proving this claim, by a preponderance of the

5  evidence, is upon Penn Maritime, which must establish:

6      First, that plaintiff was negligent; and

7      Second, that such negligence was a legal cause of plaintiff's injury.

8      "Negligence" is the failure to use reasonable care. Reasonable care is that

9  degree of care that a reasonably careful person would use under similar circumstances

10  to prevent reasonably foreseeable harm. To find negligence, you must find that harm

11  was reasonably foreseeable. Negligence may consist either in doing something that a

12  reasonably careful person would not do under similar circumstances, or in failing to do

13  something that a reasonably careful person would do under similar circumstances.

14  If you find in favor of Penn Maritime on this defense, that will not prevent recovery by

15  Penn Maritime. It only reduces the amount of plaintiff's recovery.

16  <u>**DAMAGES**</u>

17      I am now going to instruct you on damages in the event you should reach that

18  issue. The fact that I instruct you on damages does not indicate any view by me that

19  you should or should not find for plaintiff on liability.

20      Plaintiff bears the burden of proof to show both the existence and the amount of

21  damages by a preponderance of the evidence. But this does not mean that plaintiff must

22  prove the precise amount of his damages to a mathematical certainty. What it means is

23  that plaintiff must satisfy you as to the amount of damages that is fair, just and

Kenny, Stearns & Zonghetti
26 Broadway
New York, New York 10004
(212) 422-6111

1    reasonable under all the circumstances. Damages must not be enlarged so as to

2    constitute either a gift or a windfall to plaintiff or a punishment or penalty to Penn

3    Maritime, Inc. The only purpose of damages is to award reasonable compensation. You

4    must not award speculative damages, that is, damages for future losses that, although

5    they may be possible, are wholly remote or conjectural. If you should award damages,

6    they will not be subject to federal or state income taxes, and you should therefore not

7    consider such taxes in determining the amount of damages.

8        It is the duty of one who is injured to exercise reasonable care to reduce or

9    mitigate the damages resulting from the injury—in other words, to take such steps as

10   are reasonable and prudent to alleviate the injury or to seek out or take advantage of a

11   business or employment opportunity that was reasonably available to plaintiff under all

12   the circumstances shown by the evidence. On this issue of mitigation the burden of

13   proof is on Penn Maritime, Inc. to show by a preponderance of the evidence that plaintiff

14   has failed to mitigate damages. You shall not award any damages to plaintiff that you

15   find he could reasonably have avoided.

16       Penn Maritime is not liable for plaintiff's pain or impairment caused by a pre-

17   existing condition. If you find that Penn Maritime negligently caused further injury or

18   aggravation to a pre-existing condition, plaintiff is entitled to compensation only for that

19   further injury or aggravation. A defendant is not liable for conditions or disabilities which

20   would have arisen over time in any event; and cannot be required to pay damages,

21   except to the extent any alleged injury resulted in hastening of the onset of symptoms,

22   need for treatment or disability.  (*Halladay v. Chicago B&O R. Co.*, 255 F. Supp. 879

23   (SD Iowa 1966); *Matthews v. Atchison T&SF Ry.*, 129 F.2d 435 (1942); *Petition of*

-26-

1    *United States and Marine Transport Lines, Inc.*, 432 F.2d 1354 (4th Cir. 1970); *Evans v.*

2    *S.J. Groves & Sons, Co.*, 315 F.2d 335 (2d Cir. 1963)).

3        The elements of damage may include:

4        1.    <u>Reasonable and necessary medical expenses</u>

5        2.    <u>Lost Wages</u>.   You may award plaintiff a sum to compensate him for

6    income that he has lost and/or will probably suffer in the future, as a result of [

7    negligence. In determining the amount of future loss, you should compare what

8    plaintiff's health, physical ability and earning power were before the accident with what

9    they are now; the nature and severity of his injuries; the expected duration of his

10   injuries; and the extent to which his condition may improve or deteriorate in the future.

11   The objective is to determine the injuries' effect, if any, on future earning capacity, and

12   the present value of any loss of future earning power that you find plaintiff will probably

13   suffer in the future. In that connection, you should consider plaintiff's   work life

14   expectancy, taking into account his occupation, his habits, his past health record, his

15   state of health at the time of the accident and his employment history. Work life

16   expectancy is that period of time that you expect plaintiff would have continued to work,

17   given his  age, health, occupation and education.

18       You should deduct from this annual amount unreimbursed expenses which would

19   have been incurred in earning the future income. Such expenses might include

20   transportation to work, uniforms and other such items.  *Jones & Laughlin Steel Corp. v.*

21   *Pfeifer,* 462 U.S. 523, 103 S.Ct. 2541, 76 L.ed.2d 768 (1983).

22       If you should find that the evidence establishes a reasonable likelihood of a loss

23   of future earnings, you will then have to reduce this amount, whatever it may be, to its

Kenny, Stearns & Zonghetti
26 Broadway
New York, New York 10004
(212) 422-6111

1  present worth. The reason for this is that a sum of money that is received today is worth

2  more than the same money paid out in installments over a period of time since a lump

3  sum today, such as any amount you might award in your verdict, can be invested and

4  earn interest in the years ahead.

5      You have heard testimony concerning the likelihood of future inflation and what

6  rate of interest any lump sum could return. In determining the present lump sum value

7  of any future earnings you conclude plaintiff has lost, you should consider only a rate of

8  interest based on the best and safest investments, not the general stock market, and

9  you may set off against it a reasonable rate of inflation.

10      3. <u>Pain and Suffering and Mental Anguish</u> You may award a sum to compensate

11  plaintiff reasonably for any pain, suffering, mental anguish and loss of enjoyment of life

12  that you find Penn's negligence has caused plaintiff to suffer and will probably cause

13  him to suffer in the future. Even though it is obviously difficult to establish a standard of

14  measurement for these damages, that difficulty is not grounds for denying a recovery on

15  this element of damages. You must, therefore, make the best and most reasonable

16  estimate you can, not from a personal point of view, but from a fair and impartial point of

17  view, attempting to come to a conclusion that will be fair and just to all of the parties.

18

19      **VERDICT FORM**

20      To assist you in your deliberations, I have prepared a special verdict form for you

21  to use in recording your decision.

22      The special verdict form is made up of questions concerning the important issues

23  in this case. These questions are to be answered according to the instructions on the

Kenny, Stearns & Zonghetti
26 Broadway
New York, New York 10004
(212) 422-6111

1  sheet. Your answers must be unanimous and must reflect the conscientious judgment

2  of each juror. You should answer every question except where the verdict form

3  indicates otherwise.

4        Your verdict will be based on the answers that you give to certain questions that

5  will be submitted to you. Each of the questions asked calls for either a "yes" or "no"

6  answer, except the questions requiring a numerical response. While it is important that

7  the views of all jurors be considered, all of you must agree on the answer to each

8  question. When all of you have agreed on any answer, the foreperson of the jury will

9  write the answer in the space provided for each answer and each juror will sign in the

10  appropriate place to indicate his or her agreement. The decision by you must be

11  unanimous.

12        When you have answered all the questions that require answers, report to the

13  Court.

14        Do not assume from the questions or from the wording of the questions or from

15  my instructions on them what the answers should be.

16  **CLOSING INSTRUCTIONS**

17        I have now outlined for you the rules of law applicable to this case, the process

18  by which you weigh the evidence and determine the facts, and the legal elements which

19  must be proved by a preponderance of the evidence. In a few minutes, you will retire to

20  the jury room for your deliberations. I will now give you some general rules regarding

21  your deliberations.

Kenny, Stearns & Zonghetti
26 Broadway
New York, New York 10004
(212) 422-6111

1    Keep in mind that nothing I have said in these instructions is intended to suggest

2    to you in any way what I think your verdict should be. That is entirely for you to decide.

3    By way of reminder, I charge you once again that it is your responsibility to judge

4    the facts in this case from the evidence presented during the trial and to apply the law

5    as I have given it to you to the facts as you find then from the evidence. Remember also

6    that your verdict must be based solely on the evidence in the case and the law as the

7    court has given it to you, not on anything else.

8    In order for your deliberations to proceed in an orderly fashion, you must have a

9    foreperson. In this case, Juror No. 1 will act as the foreperson. The foreperson will be

10    responsible for signing all communications to the court and for handing them to the

11    marshal during your deliberations, but, of course, her vote is entitled to no greater

12    weight than that of any other juror.

13    It is very important that you not communicate with anyone outside the jury room

14    about your deliberations or about anything touching this case. There is only one

15    exception to this rule. If it becomes necessary during your deliberations to communicate

16    with me, you may send a note, through the marshal, signed by your foreperson. No

17    member of the jury should ever attempt to communicate with me except by a signed

18    writing, and I will never communicate with any member of the jury on any subject

19    touching upon the merits of the case other than in writing, or orally here in open court.

20    If, in the course of your deliberations, you want any part of the testimony re-read

21    or you should find yourself in doubt concerning my instructions to you on the law, it is

22    your privilege, if you so desire, to return to the courtroom for the purpose of having such

23    testimony or instructions read back to you. Again, you may make such a request by a

Kenny, Stearns & Zonghetti
26 Broadway
New York, New York 10004
(212) 422-6111

1   note to a marshal. I suggest, however, that you be specific to avoid hearing testimony

2   you do not desire to assist in your deliberations.

3        During the trial certain items were received into evidence as exhibits. I will send

4   those exhibits with you to the jury room so you will have them to refer to during

5   deliberations.

6        You will now retire to decide the case. In order to prevail, the plaintiff must

7   sustain his burden of proof as I have explained to you with respect to each element of

8   his claim. If you find that the plaintiff has succeeded, you should return a verdict in his

9   favor on that claim. If you find that the plaintiff has failed to sustain his burden on any

10  element of his claim, you should return a verdict against him.

11       Your duty is to reach a fair conclusion from the law and the evidence. It is an

12  important one. When you are in the jury room, listen to each other, and discuss the

13  evidence and issues in the case among yourselves. It is the duty of each of you, as

14  jurors, to consult with one another, and to deliberate with a view toward reaching

15  agreement on a verdict, if you can do so without violating your individual judgment and

16  conscience. While you should not surrender your conscientious convictions of what the

17  truth is and the weight and effect of the evidence and while each of you must decide the

18  case for yourself and not merely acquiesce on the conclusion of your fellow jurors, you

19  should examine the issues and the evidence before you with candor and frankness, and

20  with proper deference to and regard for the opinion of each other.

21       You should not hesitate to reconsider your opinions from time to time and to

22  change them if you are convinced they are wrong. However, do not surrender an honest

23  conviction about the weight and effect of the evidence simply to arrive at a verdict. The

Kenny, Stearns & Zonghetti
26 Broadway
New York, New York 10004
(212) 422-6111

1  decision you reach must be unanimous; you must all agree on every entry on the verdict

2  sheet.

3      When you have reached a verdict, simply send me a note signed by your

4  foreperson, that you have reached a verdict. Do not indicate what the verdict is. In no

5  communication with the court should you give a numerical count of where the jury

6  stands in its deliberations.

7      Remember in your deliberations that the dispute between the parties is, for them,

8  no passing matter. They and the court rely upon you to give full and conscientious

9  deliberation and consideration to the issues and evidence before you. By so doing, you

10  carry out to the fullest of oaths as jurors to well and truly try the issues of this case and

11  render a true verdict.

12      After you have reached a verdict, your foreperson will fill in the verdict form that

13  has been given to you, sign and date it and advise the marshal outside your door that

14  you are ready to I will stress that each of you should be in agreement with the verdict

15  which is announced in court. Once your verdict is announced by your foreperson in

16  open court and officially recorded, it cannot ordinarily be revoked.

17      I will ask you to wait for a few moments while I discuss with counsel whether

18  there is anything further that you need to be charged.

19  (The attorneys will come to the side bar to make any exceptions). (Swear Marshals).

20  Dated:      March 23, 2006

21

22                  Attorneys for Defendants

23

24

25                  By:    /s/ Gino A. Zonghetti

-32-

1                            Gino A. Zonghetti
2                              (GAZ-2647)
3                            Kenny, Stearns & Zonghetti
4                            26 Broadway
5                            New York, New York 10004
6                            (212) 422-6111
7
8             By:     /s/ Timothy R. McHugh
9                            Timothy R. McHugh
10                          B.B.O. No. 335480
11                          135 Great Plain Avenue
12                          Wellesley MA 02482
13                          (617) 593-5405
14

---

### Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on March 24, 2006.

*/s/Timothy R. McHugh*
Timothy R McHugh
B.B.O. #335480
135 Great Plain Avenue
Wellesley MA 02482
(617) 593-5405

---

Kenny, Stearns & Zonghetti
26 Broadway
New York, New York 10004
(212) 422-6111